On October 9, 1907, Palo A. Roberts filed, in the United States Court for the Central District of the Indian Territory at Atoka, his petition for appointment as curator of the estates of Ben and Sarlin Moore, and Louie and Loston Coxwell, minors. On October 14, 1907, letters were issued. On March 7, 1910, W.J. Whiteman was appointed guardian by the county court of McCurtain county, Okla. On April 10, 1912, Palo A. Roberts filed in the said county court his petition, alleging that he was the legal curator of said minors; that the appointment of Whiteman was null and void, and asking the court to declare the letters of guardianship to Whiteman null and void. To this petition, answer was filed, denying the validity of the appointment of Palo A. Roberts. Judgment was rendered in favor of W.J. Whiteman in the county court, sustaining his appointment as the guardian in McCurtain county. An appeal was perfected to the district court, and, upon trial, resulted in a judgment in favor of the appointment of W.J. Whiteman, the court finding:
"Palo A. Roberts was by the United States Court for the Central District of the Indian Territory, sitting in probate at Atoka, Ind. T., on the 14th day of October, 1907, appointed curator of said minors. That the petition of the said Palo A. Roberts for such appointment was filed and presented on the day of said appointment. That such petition failed to show that the parents of said minors were unfitted for the duties of guardianship, and was not made or signed by either of said minors, or by their next of kin, and that such petition was not by the court set down on any particular day, and that no notice of such application for or appointmnet of said Palo A. Roberts as curator was served upon or waived by the mother and next of kin or persons having the custody of said minors. *Page 733 
"The court further finds that the mother of said minors was living, and resided in what is now McCurtain county, Okla., at the time of such appointment, and so continued to reside there until her death in 1911, and that such appointment of Palo A. Roberts, so made by the United States Court sitting in probate at Atoka, Ind. T., on October 14, 1907, under which petitioner claims, is and was wholly void, and that the petition of said Palo A. Roberts for the removal of W.J. Whiteman as guardian of said minors or the transfer of such probate proceedings to Atoka county, Okla., should be denied.
"It is therefore ordered, adjudged, by the court that the petition of Palo A. Roberts for the removal of W.J. Whiteman as guardian of Benjamin Moore, Sarlin Moore, Louie Coxwell, and Loston Coxwell, minors, under appointment of the county court of McCurtain county, Okla., and for the transfer of such case to Atoka county, Okla., be denied, and that the judgment of the county court of McCurtain county, Okla., be, and the same is in all things sustained, and that W.J. Whiteman have and recover of and from the petitioner, Palo A. Roberts, his cost herein expended."
It is contended by the plaintiff in error that the findings and judgment of the district court amount to a collateral attack upon the order of the court appointing Palo A. Roberts curator, and therefore the court had no authority to deny his petition on the ground that this appointment was void. Under the facts in this case, Palo A. Roberts relied upon the proceedings of the United States Court for the Central District of the Indian Territory in order to support his contention that he was the legal curator. This appointment was challenged by the guardian, Whiteman, on the ground that the United States court which made the original appointment was without jurisdiction, owing to the fact that no notice had ever been given to the mother who was the next of Kin *Page 734 
of said minors, nor had she waived the same. The question of whether the court had authority to inquire into the matter of the jurisdiction of the United States court has been passed upon in Southern Pine Lbr. Co. v. Ward et al., 16 Okla. 131,85 P. 459, wherein this court, following the case of Elliott v.Piersol et al., 1 Pet. (26 U.S.) 328, 7 L.Ed. 164, held:
"The jurisdiction of any court exercising authority over any subject may be inquired into in every other court when the proceedings of the former are relied on and brought before the latter by a party claiming the benefit of such proceeding."
If the findings of the court in the instant case are correct, we think the judgment is void for want of jurisdiction. These children were minors. Their mother was the only living parent. Palo A. Roberts was a stranger to these people, and upon his application for letters of curatorship he did not notify the mother, who was natural guardian and next of kin, or procure a waiver from her, as provided by section 3477, c. 73, Mansfield's Digest of the Laws of Arkansas 1884, wherein it is required that notice must be served upon the natural guardian, or a waiver procured. This provision of the statute is not merely directory, but a condition precedent to the vesting of jurisdiction in the court to make the appointment; and, unless the same be waived, a failure to comply therewith renders such appointment void. Wortham v. John et al., 22 Okla. 562,98 P. 347. Mr. Warner, in his work, American Law of Guardianship, p. 95, says:
"That no guardian can be appointed to the person of an infant havinfather or mother living, not declared unsuitable by a court of competent jurisdiction, nor a guardian or curator to an infant whose father or mother is entitled, under the law, to take charge of its estate as *Page 735 
natural guardian, has already been pointed out as the law in most states. But parents may be adjudged incompetent or unfit to have the custody, care, and education of their children in proceedings for that purpose by a court having jurisdiction, in which proceeding the parents must be made parties, by notice to them enabling them to appear and be heard, unless they appear voluntarily. It is a fraud on the rights of a father to obtain guardianship of his child without his knowledge; and the appointment of a guardian to an illegitimate child, or to a legitimate child, after its father's death, without notice to the mother, is void."
Justice Turner, in writing the opinion in Wortham v. John etal., supra, held that the order appointing a guardian, without notice to the mother, was not merely voidable, but void, and a void order could be set aside at any time. The court in the instant case did not attempt to set aside the appointment of Palo A. Roberts as curator, but refused to vacate the order appointing W.J. Whiteman, on the ground that his appointment was legal, while Roberts' appointment was void. In this we think the court was correct.
The judgment should therefore be affirmed.
By the Court: It is so ordered. *Page 736