WOOD OIL CO. et al. v. CORPORATION COMMISSION et al.

No. 33483.   July 18, 1950.

Rehearing Denied Oct. 24, 1950.

*239 P. 2d 1023.*

N. E. McNeill, Tulsa, for plaintiffs in error.

Floyd Green and Robinson, Shipp & Robertson, Oklahoma City, for defendants in error.

GIBSON, J. Herein, for convenience, Wood Oil Company and Chas. M. Day, plaintiffs in error, will be referred to as "Wood Oil", and Toklan Production Company and J. G. Catlett, Inc., of defendants in error, as "Toklan".

This is an appeal by Wood Oil from an order of the Corporation Commission declaring the right of Toklan, as owner of mineral interest in land within a drilling unit, to share in the production of oil well drilled by Wood Oil upon other land therein previous to formation of the unit.

The drilling unit involved comprises the northeast quarter of the northwest quarter of section 14, township 5 N., range 2 west, McClain county, and was established by the commission on April 1, 1947, when the boundaries of Wayne Pool, theretofore established, were extended so as to include that area. Wood Oil, holder of oil and gas lease on south half of the north half of the quarter section, on December 21, 1946, obtained production from a well at the center of the east 10 acres. The east 20 acres of this tract constitutes the south half of the 40-acre drilling unit involved, and the well is in the southeast 10 acres thereof. Toklan owned a one-half undivided interest in the minerals in the north half of the north half of said quarter section, and the Sinclair Prairie Oil Company was owner of an oil and gas lease on the remaining undivided mineral interest therein. The east 20 acres of this tract constitutes the north half of said drilling unit.

At the time of said extension and establishment of the drilling unit the Sinclair Prairie agreed to and thereafter did assign to Wood Oil its lease. Toklan, though duly notified, did not appear at the hearing. Pertinent to the rights of Toklan and Wood Oil, the pooling order contains the following:

"That in the event there are divided or undivided interests within any unit and the parties are unable to agree on a plan for the development for the unit, then the rights and equities shall be adjusted as provided for by subsection D of Section 4, Chapter 3, Title 52, Oklahoma Session Laws, 1945."

Subsection (d), page 159, S. L. 1945, 52 O. S. Supp. 1945, sec. 87 (d), authorizes the commission to require parties having undivided interests to pool same for the purpose of the development upon terms and conditions as are just and reasonable and will afford to each opportunity to recover or receive, without unnecessary expense, his just and fair share of the oil and gas.

Toklan and Wood Oil reached no agreement concerning their rights in the premises, and on July 1, 1947, Toklan initiated the present action by filing before the commission an application for the determination by the commission of the rights of the parties. Upon hearing the commission, so far as material here, found:

"That the applicants in the case, under the law, are entitled, upon payment of their proportionate share of the cost of the drilling, completing and producing of the well, to take therefrom their proportionate share of the oil and gas, and to participate in the seven eighths (7/8ths) working interests in the well; that for the purpose of this order, the sum of $33,000.00 is fixed as the cost of development and equipping of said well;"

and adjudged:

"That the Wood Oil Company furnish to the Toklan Production Company and J. G. Catlett, Inc., within 10 days from the date of this order, a statement of the total cost of the completion, development and production of the well located on the SE/4 of the NE/4 of the NW/4 of Section 14, Township 5 North, Range 2 West, McClain County, Oklahoma; that the Wood Oil Company credit their actual expenditures with 7/8ths of the production from the well from the date of its first production to the date of the statement provided for herein; that within 10 days after receipt of such statement by the Toklan Production Company and J. G. Catlett, Inc., that they pay to the Wood Oil Company their proportionate share of the cost of completing and equipping the well, less the credit to such cost of the production from said well; that their proportionate share be determined in the relation that the acreage owned by them bears to the total acreage in the unit."

As grounds for reversal it is urged, in substance, that the commission was without jurisdiction to make the order, that it erred in holding Toklan entitled to share in the production of the well, and erred in fixing the amount of the cost of the well.

The contention upon the question of jurisdiction is thus stated:

"That neither Section 87, Title 52, O. S. Statutes of 1945, or Subdivision E thereof, grants or confers, directly or indirectly, any power, jurisdiction or authority upon the Corporation Commission to compel, by order or otherwise, the owner of a developed and producing tract after the same has been developed and included within a spacing unit, along with an unleased and undeveloped separately owned tract, to account to the owner of the unleased and undeveloped separately owned tract for any part of the oil produced from the 7/8ths working interest of his separately owned developed leasehold estate."

This contention is broad enough to cover the production had after as well as that had before establishment of the spacing unit that includes the well and it was so intended. As the basis therefor it is urged that with the discovery and initial production there obtained a vested right in Wood Oil to continue to produce from the well for its sole use and benefit.

To the extent that it has reference to production had before the application of the power of the state in furtherance of conservation the contention is sound. But to the extent it has application to production had after the exercise of such power it is unsound. The law determinative of the right of the producer and its subordination to the police power of the state is thus declared in Champlin Refining Co. v. Corporation Commission of the State of Oklahoma, 286 U. S. 210, 76 L. Ed. 1062, 52 S. Ct. 559, 86 A. L. R. 403:

"Landowners do not have absolute title to the gas and oil that may permeate below the surface. . . . Every person has the right to drill wells and take from the pools below all oil and gas that he may be able to reduce to possession, including that coming from land belonging to others, . . . subject to the reasonable exertion of the power of the state to prevent unnecessary loss, destruction, or waste."

We think it follows from this statement of the law that Wood Oil had title absolute to the oil by it produced prior to the pooling. We find nothing in the conservation law that purports to disturb the title of the producer thereto. The effect of the order of the commission is to treat the unitization effective as of the time of the drilling of the well and the interest of Toklan in the production coincident with that of Wood Oil. To the extent the order holds Wood Oil accountable to Toklan directly or indirectly for a share in the production before the spacing unit was created, same is not authorized by law and it was error to so hold.

That the commission was clothed with power to apportion the production had after pooling where necessary in furtherance of the conservation is without question. Declaratory of the existence of such power in the state, it is said in Hunter Co. v. McHugh, 320 U. S. 222, 64 S. Ct. 19:

"The state has constitutional power to regulate production of oil and gas so as to prevent waste and secure equitable apportionment among landholders of the migratory gas and oil underlying their land, fairly distributing among them the costs of production and of the apportionment."

That the Corporation Commission of Oklahoma has been clothed with such is expressly provided in Tit. 52, ch. 3, S. L. 1945.

In support of the contention that the court erred in holding Toklan entitled to share in the production of the well, it is urged (1) that the commission not having made provision therefor in its order of unitization entered April 1, 1947, it was not authorized to do so thereafter, and (2) that Toklan by not appearing at the hearing and awaiting months thereafter before asserting any right to share therein is estopped.

The right of Toklan to share in the production was not dependent upon the order of the commission. The power of the commission was directed to the terms and conditions upon which the right was to be enjoyed.

As hereinbefore stated, the order of April 1, 1947, provides the following:

"That in the event there are divided or undivided interests within any unit and the parties are unable to agree on a plan for the development for the unit, then the rights and equities shall be adjusted as provided for by subsection D of Section 4, Chapter 3, Title 52, Oklahoma Session Laws, 1945." (S. L. 1945, p. 159; 52 O. S. Supp. 1945, §87 (d) ).

The language contemplates a further hearing if need be to determine the question of the respective rights with reference to the costs, etc., and, in contemplation of law, the determination at such hearing is a part of the order and effective as of the date of the order.

There exists no ground of estoppel. In the first place, the Wood Oil suffered no prejudice by Toklan's delay in asserting its right. In the second place, with the entry of the order of April 1, 1947, the right of Toklan to participate in the production arose as a matter of law and Wood Oil, being equally interested in the terms upon which the right should be enjoyed and at liberty to invoke a determination thereof, cannot properly ask to profit by the laxity of another which, at the worst, is but comparable to its own.

There are other grounds, equitable in nature, urged as reasons why Toklan should not be permitted to share in the production from said well. Such grounds, however, result directly from the fact of pooling under the then existing circumstances and are not attributable to the terms upon which the sharing is to be had. Such grounds being pertinent only to the question of the pooling could command the consideration of this court only upon an appeal from the order of pooling. There was no appeal from the order of pooling. The effect upon such grounds of the finality of the order of pooling is further discussed in the companion case of Wood Oil Co. et al. v. Corporation Commission, 205 Okla. 534, 239 P.2d 1021.

The commission found the cost of the devolopment and equipping of the well to be $33,000. The correctness of this amount as representing the actual outlay by Wood Oil is not questioned. But it is urged that there should have been added thereto the further sum of $50,000 which represented the cost to another who had drilled the well hole that was utilized by Wood Oil in obtaining the production. It appears that a former lessee of the premises drilled the well and thereafter abandoned it and surrendered the lease. Thereafter Wood Oil, who had sustained no part of the cost of the hole, obtained its lease and utilized the hole in obtaining the production. In view of the express limitation in the law, the fact that the $50,000 represents no *actual expenditure* by Wood Oil is sufficient to preclude any right in Wood Oil to have same or any part thereof included as cost of development and equipment.

It is contemplated by the law that the owners of the working interest shall bear the cost of development and equipping a well in proportion to their respective interests in the production to be had therefrom. Hence, the proportionate share of Toklan and Catlett in the cost of completing and equipping the well must be determined in the relation that the acreage owned by them bears to the total acreage in the spacing unit, without deduction for any production prior to the date of the pooling.

The order of the Corporation Commission is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. O'NEAL, J., concurs in part, dissents in part.

O'NEAL, J. (concurring in part, dissenting in part). I concur in reversal of the order of the Corporation Commission; dissent to that part of opinion

that confines the cost of development and equipment of well to $33,000.