## CARTER OIL CO. et al. v. STATE et al.
## JOHNSON et al. v. STATE et al.

Nos. 33597, 33834.   Nov. 27, 1951.

*238 P. 2d 300.*

Bohanan & Adams, Oklahoma City, for plaintiffs in error and co-appellants.

Forrest M. Darrough and Joseph A. Gill, Tulsa, John L. Cravens, Oklahoma City, and W. T. Anglin, Holdenville, for appellant and co-plaintiffs in error Carter Oil Company.

Floyd Green, John Blanton, and Gilliland, Ogden, Withington, Shirk & Vaught, Oklahoma City, for appellees.

GIBSON, J.   The appeal in 33597 is from an order of the Corporation Commission which purports to change spacing and drilling units established by a former order.   And that in 33834 is from an order of the Commission denying an application to vacate and set aside said modifying order.

Under date of November 6, 1947, on application of defendants in error, Frank Buttram and Fidelity Royalty Company and others, the Corporation Commission, after hearing, issued its order No. 20585 whereby there were established 20-acre spacing and drilling units for the production of oil and gas from the Second Deese Sand formation underlying certain lands in township 2 north, range 1 west, Garvin county, Oklahoma.   Embraced within the area thereof were the S.E.¼ of section 23 and the N.E.¼ of section 26.   The order prescribed that no more than two wells be drilled on each quarter quarter section, one in the center of the northeast ten acres and one in center of the southwest ten acres.   According to the order and plat therewith the E.½ N.E.¼ N.E.¼ of section 26 was established as

a spacing and drilling unit and the E.½ S.E.¼ S.E.¼ of section 23 another unit.

Buttram and the Royalty Company held lease covering said unit in 23 and the north ten acres of said unit in 26, and plaintiff in error Carter Oil Company held lease covering the south ten acres of said unit in 26 and the land lying south and west of the unit.

At the time of filing their application, which sought the establishment of 20-acre spacing and drilling units, Buttram and the Royalty Company were engaged in the drilling of a well in the center of the north ten acres of the unit in section 26 and at the time of the hearing thereon said well was near completion as a producer from the Deese sand and it became the unit well under the spacing order. There was no appeal from said order and the same became final.

On December 4, 1947, Frank Buttram and Fidelity Royalty Company filed before the Commission an application wherein they asked that order No. 20585 be amended by pooling the north ten acres of said unit in section 26 with the south ten acres of the unit in section 23 and to make other suggested changes in the existing units which would become necessary by reason thereof. The ground alleged for the change is that the well drilled in the northeast ten acres of 26 was at the sole expense of the applicants and same should be pooled with the ten acres in 23 immediately north thereof which is covered by the lease of the applicants. The application was heard on December 30, 1947, pursuant to notice, at which time Carter Oil Company entered its protest to the granting of the application. After hearing the evidence adduced the Commission took the matter under advisement, and thereafter, on January 12, 1948, rendered its order denying the application. On January 15, 1948, Frank Buttram and Fidelity Royalty Company filed before the Commission their "Objection to Order and Motion for Rehearing" wherein they asked that the order denying said application be vacated, and a new hearing granted, the ground alleged therefor being the order is contrary to the evidence and the denial of the application is inequitable and unfair because it imposes upon applicants undue hardships. No change of conditions arising subsequent to the hearing on the former order was alleged. The objection and motion was heard, on oral argument, on February 3, 1948. After taking the matter under advisement the Commission, on February 19, 1948, entered its order No. 20984, wherein said spacing units were rearranged. It is therefrom that Carter Oil Company appeals in cause 33597.

Thereafter, on March 11, 1948, Graham B. Johnson and others, plaintiffs in error in 33834, owners of the oil and gas mineral rights under the N.E.¼ (except N.E.¼ N.E.¼ N.E.¼) of section 26, filed before said Commission an application to vacate said order No. 20984 which they allege to be void for divers reasons therein set out. The application was heard on April 16, 1948, pursuant to notice and taken under advisement until August 5, 1948, when same was denied. It is from the order denying the application to vacate that said Graham B. Johnson and others, plaintiffs in error, prosecute the appeal in cause 33834.

Both appeals present the same questions and therefore they were consolidated for the purpose of the briefing and the review.

Plaintiffs in error contend (1) that order No. 20585 was a final order and as a result thereof there accrued to them, as lessee and owners of the mineral interest in the south ten acres of said unit in section 26, by operation of the law, the right to share in the production to be had from said well drilled in the north ten acres of the unit, and (2) that the Commission acted without authority of law in promulgating its order No. 20984, and by reason of the deprivation of plaintiffs in error's rights effected thereby same is violative of their constitutional rights. There is also urged that the procedure followed is insufficient to invoke the exercise of the

power of the Commission to change the spacing unit if such power existed.

Defendants in error recognize that order No. 20585 is a final order but contend that the Commission was authorized to enter order No. 20984 by virtue of Tit. 52 O. S. 1941 §112, which provides:

"Any person affected by any legislative or administrative order of the Commission shall have the right at any time to apply to the Commission to repeal, amend, modify, or supplement the same. Such application shall be in writing and shall be heard as expeditiously as possible after notice of the hearing thereon shall have been given in the manner provided by Section 14 of this Act. An appeal shall lie to the Supreme Court from any order made by the Commission in any such proceedings or from the refusal of the Commission to make any order petitioned for therein, in the same manner and within the same time in which other appeals are authorized to be taken by the provisions of this Act, and, on any such appeal, the Supreme Court may affirm the order of the Commission, or the Commission's action in refusing to make the order petitioned for, or may itself make the order which the Commission should have made, or remanded the cause to the Commission with directions to make such order as the Supreme Court may determine should have been made."

Plaintiffs in error's counter contention is (1) that the power of the Commission to modify the original spacing by subsequent order is limited to that expressly defined in Tit. 52 O. S. Supp. 1949 §87.1, subdivision (c), which does not authorize a change such as that wrought by order No. 20984, and (2) that if the quoted section does authorize the Commission to so modify the original spacing, the facts in the instant case are insufficient to invoke the exercise thereof.

For the purpose of our decision we deem it unnecessary to determine the question whether the power of the Commission to modify spacing units previously established by a final order is limited to that defined in subsection (c) of Tit. 52 O. S. Supp. 1941 §87.1, or to determine whether such power obtains under sec. 112, quoted supra, because even if such power exists the facts of the instant case defeat the validity of the order entered.

The Corporation Commission was without authority to enter its order No. 20984. The order was made without notice and without a hearing on notice required under the statute. Following the issuance of order No. 20585, as stated above, Frank Buttram and others filed their application to amend the order. Due notice was given and after a hearing the Commission entered its order No. 20828 denying the application. Frank Buttram and others then filed a pleading designated "Objection to Order and Motion for Rehearing." Therein movants asked the Commission to annul, vacate and set aside its order No. 20828 denying the application and to grant a rehearing. The Commission did neither. It set the motion for oral argument. The only pretense of a notice was a letter by the Conservation attorney, acknowledging receipt of the objection and motion, advising the date set for oral argument. Carbon copies of this letter were sent to attorneys for Carter Oil Company, Magnolia, and the Secretary of the Commission. No notice of any kind was given to royalty owners or any other person who might be interested in the spacing or drilling establishment or in any change thereof from that created by order No. 20585. No attempt was made to follow the procedural provisions of the statute as to giving notice. Tit. 52 O. S. 1941 §97.

Following the oral argument the Commission issued its order No. 20984 on February 19, 1948, which is silent as to vacating order No. 20828 or as to granting a rehearing thereon, as prayed in the only motion then pending. The Commission apparently reverted to Buttram's former application to amend order No. 20585 and changed and rearranged the 20-acre spacing units in accord with an attached map, an applica-

tion which the Commission had once denied; from which order of denial no appeal had been taken.

Section 112, supra, provides that under specified conditions an order of the Commission may be repealed, amended, modified or supplemented, but such action can only be had upon an application in writing and a notice of hearing given as provided in the statute.

In H. F. Wilcox Oil & Gas Co. v. Walker, 168 Okla. 355, 32 P. 2d 1044, we held that the giving of the notice in section 112 is mandatory and upon failure to give such notice the Commission was without jurisdiction to enter the order made therein.

In the case before us the modification, alteration and change of the spacing unit was entered without an application for modification of the order being on file and without notice provided in the statute, and without notice of any kind other than the letter advising that an entirely different motion, than the one seeking modification or change, would be heard on oral argument. We are not advised as to what occurred in the oral argument. Those proceedings were not recorded and do not appear in the case-made. All that appears is order No. 20984 modifying order No. 20585 changing the spacing units in certain sections. Notice of a hearing for a specified purpose will not suffice to vest the Commission with power to decide a question of entirely different character than that specified in the notice.

We hold that the Corporation Commission is without power or authority to review and modify a former order, establishing a well spacing unit, which order has become final, without first giving statutory notice, to all interested parties, of a hearing to be had on the question of modification or change of the order.

The spacing and drilling units established by Commission's order No. 20585 was in pursuance of Tit. 52 O. S. Supp. 1949 §87.1. Of the five matters therein designated as material thereto is the following:

"(5) any other available geological or scientific data pertaining to said actual or prospective source of supply which may be probative value to said Commission in determining the proper spacing and well drilling unit therefor, with due and relative allowance for the correlative rights and obligations of the producers and royalty owners interested therein."

The question of the correlative rights of defendants in error and plaintiffs in error with reference to said well as a source of supply was necessarily involved and determined, as a matter of law, by the form of the unit established. The application herein to change the units established by order No. 20585, solely upon the basis of facts existing at the time the order was entered and in evidence, is but an effort to have said order revived and modified on account of error therein and contrary to the provisions of Tit. 52 O. S. 1941 §111.

We hold that order No. 20984 is void for want of authority in the Corporation Commission to enter the same, and it is ordered that order No. 20984 be and the same is hereby vacated.

HALLEY, V. C. J., and CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.