C. H. MEE, Plaintiff in Error,

v.

CORPORATION COMMISSION of the State of Oklahoma, Ray C. Jones, Ray O. Weems, and Wilburn Cartwright, Members of said Commission and William Broadhurst, Broadhurst Oil Company et al., Defendants in Error.

Nos. 36609, 36736.

Supreme Court of Oklahoma.

Feb. 7, 1956.

594

Cochran, Dudley, Fowler, Rucks, Baker & Jopling, Oklahoma City, for plaintiff in error.

Bohanon & Barefoot, Oklahoma City, Mac Q. Williamson, Atty. Gen., Floyd Green, Conservation Atty., Corporation Commission, Oklahoma City, of counsel, for defendants in error William Broadhurst, Broadhurst Oil Co. and Mineral Owners.

HALLEY, Justice.

This is an appeal by C. H. Mee from certain orders of the Corporation Commission and a "Cross-Petition in Error" filed by William Broadhurst and others. We shall refer to the parties as Mee and Broadhurst.

In 1953, Mee secured an order from the Corporation Commission fixing a drilling and spacing unit of 160 acres covering Section 26 and the NE/4 of Section 25-14N-3W, Lincoln County, Oklahoma, for the production of gas from the lower Skinner Sand Zone. He alleged that he had drilled a producing gas well in the SW/4 NW/4 SE/4 of Section 26. He asked for and secured an exception to the well spacing order of one well in or near the center of each 160 acre unit in favor of his well known as the Harold No. 1, located in the SW/4 NW/4 SE/4 of Section 26. Shortly after this order of December 3, 1953, Mee permitted his lease covering the SW/4 of 26 to lapse.

April 20, 1954, Broadhurst applied to the Commission for an order allowing an exception to the order granted to Mee and prayed that he be permitted to drill a well in the center of the SE/4 NE/4 SW/4 of Section 26, being a direct offset to Mee's Harold No. 1. Order No. 28731 was entered June 11, 1954, allowing the exception as to location of well as prayed for by Broadhurst and also fixing an acreage factor of 320 acres as an exception to the order previously entered fixing a well drilling unit of 160 acres.

Mee filed a motion for rehearing and modification of this order which was denied by the Commission June 29, 1954, by Order No. 28842, and Mee gave notice of appeal.

October 7, 1954, the Commission entered Order No. 29240, allowing Broadhurst to produce a full allowable from his well in the SE/4 NE/4 SW/4 of Section 26, and declined to penalize No. 1 Harold belonging to Mee for alleged overproduction, but allowed a full production of allowable from the SE/4 of Section 26, on which the Mee well was located. Broadhurst then filed a motion for rehearing because Order No. 29240 failed to penalize the No. 1 Harold drilled by Mee in 1953, alleging that this well had overproduced 154,708 MCF, of gas above its fair share of gas from the common source of supply. Mee also appealed from Order No. 29240, and this appeal was consolidated with his appeal from the two former orders of the Commission.

September 7, 1954, Broadhurst announced that he had abandoned all claim to leases on the NW/4 of Section 26. He had drilled a well in the center of the SE/4 NE/4 SW/4 of Section 26, which was productive of gas from the Skinner Sand.

After Mee perfected his appeal by filing a petition in error, and transcript of the record in this court on December 3, 1954, Broadhurst filed a cross-petition in error on December 11, 1954, more than 60 days after the order of the Commission appealed from which was entered October 7, 1954, being Order No. 29240. Broadhurst gave no notice of intention to appeal in open court and did not attach to his cross-petition in error a transcript of the record or case-made.

■ Mee has moved that the purported cross-appeal of Broadhurst be dismissed. Most of the statutory and constitutional provisions cited in support of this motion to dismiss are only applicable to appeals from courts, or relate to public service and utility corporations. In the case of City of Sapulpa v. Young, supra, this court held that after an appeal has been perfected and lodged in this court it is not required that a party desiring to file a cross-appeal attach to his cross-petition in error a transcript or case-made, nor to give notice of his intention to appeal in open court. The perfection of the appeal by plaintiff in error makes all other parties who appeared parties to the appeal.

■ Mee filed a motion for new trial with the Commission in this case. It was overruled and he perfected his appeal within 60 days from the date of the order appealed from. Within four days after the expiration of the 60 day period provided in Section 113, supra, Broadhurst filed in this Court his cross-petition in error, and his motion for a new trial filed with the Commission was still pending.

While such motions are not expressly provided for, we take notice that, for many years the Commission has permitted them. In the case of In re Moran, 201 Okl. 43, 200 P.2d 758, 760, this Court granted an appellant time beyond 60 days in which to file his appeal in this Court. It was said in the body of the opinion that:

"Appeals from the Corporation Commission usually involve matters of public interest, and the fixed rules applied in cases of ordinary civil appeals from judgments of the courts should not be applied to such appeals. * * *"

Since no relief is granted under cross-petition of Broadhurst the error, if any, in failing to dismiss it is harmless error. Goodall v. City of Clinton, 196 Okl. 10, 161 P.2d 1011. This cross-appeal was only from that part of the order of the Commission refusing to penalize the Mee No. 1 Harold for overproduction.

■■ The rule is well established that if an order of the Corporation Commission appealed from is found to be supported by substantial evidence, it will be affirmed by this Court. The rule is clearly stated in Woody v. State Corporation Commission, Okl., 265 P.2d 1102, 1106, wherein it is stated in the body of the opinion:

"* * * In the orderly administration of law we must indulge the presumption that the Commission's order is just, reasonable, and correct. * * *

"Our appellate jurisdiction, as applied to the case before us, is judicial only, and is limited to a consideration whether the Commission has legally pursued its authority, and whether its findings and conclusions are sustained by the law and substantial evidence. Art. IX, § 20, Constitution of the State of Oklahoma. Under this mandate an order of the Commission when appealed to this court will be affirmed if it is supported by substantial evidence. Spires v. Magnolia Petroleum Co., 206 Okl. 503, 244 P.2d 843. Neither are we required to weigh and measure the evidence in an endeavor to determine its preponderance. Our duty ends with a finding that there is evidence of a probative value reasonably and substantially sustaining the Commission's findings and order. Yellow

Transit Co. v. State, 198 Okl. 229, 178 P.2d 83."

We have examined all of the evidence introduced at the various hearings before the Commission, including the testimony of expert geologists, practical oil and gas operators and those interested in the minerals in the west half of Section 26 and find that there is substantial evidence that unless a well is allowed on the west half of this Section, the No. 1 Harold of Mee in the SE/4 of this Section will eventually drain all of the gas from the entire Skinner Sand formation, and that the location allowed to Broadhurst in the SE/4 NE/4 SW/4 of Section 26 will probably produce all of the gas available from this sand under the west half of Section 26.

The evidence shows that Broadhurst has lost his leases covering the NW/4 of Section 26, and has only the SW/4 on which his well is located. While the order allowing Broadhurst a 320 acre factor for each well has not been modified or vacated, we think the complaint of the exception in favor of Broadhurst as to acreage per well is in fact moot because Broadhurst announced in open court that he had abandoned any right to an allowable based upon the NW/4 of Section 26, his lease thereon having expired, and accordingly withdrew any claim which Mee referred to as a double allowable. There is substantial evidence supporting the refusal of the Commission to penalize the Harold No. 1 well of Mee.

There is substantial evidence that the well of Mee and that of Broadhurst are on a comparable basis as to probable production from the common source of supply. There is also contradictory evidence as to these facts but the Commission found in favor of the contentions of Broadhurst and such findings are supported by substantial and competent evidence.

In Superior Oil Co. v. Oklahoma Corporation Commission, 206 Okl. 213, 242 P.2d 454, 458, we said:

"We concede that the Corporation Commission has a wide discretion in the performance of its statutory duties. We cannot substitute our judgment on disputed questions of fact unless the findings of the commission are not as commanded by the Constitution, supported by the law, and substantial evidence."

It is only where an appeal involves asserted violations of constitutional rights that the Supreme Court is required to exercise its own independent judgment on both the law and facts.

In Anderson-Prichard Oil Corp. v. Corporation Commission, 205 Okl. 672, 241 P.2d 363, the rule is announced in the second paragraph of the syllabus as follows:

"Upon an appeal from an order of the Corporation Commission asserting a violation of rights of the parties under the State or Federal Constitution, this court will exercise its own independent judgment as to both the law and the facts, as provided by sec. 20, art. IX of the Oklahoma Constitution, and will examine the entire record to determine whether the order is lawful and supported by competent and substantial evidence, and if found to be lawful and supported by the evidence, the order will be affirmed."

Again in Carter Oil Co. v. State, 205 Okl. 541, 240 P.2d 787, it is said in the first paragraph of the syllabus:

"Under article 9, sec. 20, of the Constitution of the State of Oklahoma, the Supreme Court review of appealable orders of the Corporation Commission shall be judicial only, and in all appeals involving an asserted violation of any rights of the parties under the Constitution of the United States, or the Constitution of the State of Oklahoma, the court shall exercise its own independent judgment as to both the law and the facts."

We have examined the entire record and find that the orders of the Corporation Commission complained of are supported by substantial competent evidence, and are not violative of the 14th Amendment of the United States Constitution, nor of sections 7 and 23, Article II of the Constitution of Oklahoma. These orders were issued under the statutory provisions of Chapter 3, 52

O.S.1951 § 81 et seq., generally referred to as the provisions covering the conservation of oil and gas, which have been held constitutional under the police powers of the State. Anderson-Prichard Oil Corp. v. Corporation Commission, supra, and Wood Oil Co. v. Corporation Commission, 205 Okl. 537, 239 P.2d 1023.

Motion to dismiss cross-petition in error of Broadhurst is denied, and the orders of the Corporation Commission being supported by law and substantial evidence. are in all things affirmed.