The STATE of Oklahoma on Relation of the Commissioners of the Land Office of said State, Appellant,

v.

CORPORATION COMMISSION of the State of Oklahoma, Amoco Production Company, Lyons Petroleum, Inc., and Charles R. Walbert, Appellees.

No. 50834.

Supreme Court of Oklahoma.

Feb. 6, 1979.

R. R. Williamson, Jr., Paul E. DeGraffen-reid, Oklahoma City, for appellant.

Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for appellee—Amoco Production Co.

Ames, Daugherty, Black, Ashabranner, Rogers & Fowler, Oklahoma City, for appellee—Charles R. Walbert.

HARGRAVE, Justice:

The State of Oklahoma, ex rel Commissioners of the Land Office, appeals from Corporation Commission Order No. 128787, wherein the Commission refused an application of the State Land Office to set aside previous Order No. 51199 on the grounds that the latter order was void on its face.

In 1957, the Commission established 640 acre drilling and spacing units for gas and gas condensate from the Morrow Sands Common Source of Supply, including Section 29, T2N, R3E, of CM in Order No. 35306. In 1961, 80 acre drilling and spacing units were established for formations described in Order No. 45652 as the upper Morrow A and the upper Morrow B. These two formations were found to be separate sources of supply in that order. A year and five months later, the last mentioned order was extended to include units in the Upper Morrow in Section 29. In 1963, still another Order No. 51199 extended the 80 acre drilling and spacing units in the Upper Morrow A to the SE/4 and S/2 of the SW/4 of Section 29.

■ Thirteen years and six months after Order No. 51199 was issued, the State Land Office filed the application that generated the order here appealed from. In that application, the State Land Office alleged that Order No. 51199 failed to find the Upper Morrow referred to therein was a separate common source from that referred to as the Morrow in Order No. 35306. Order No. 51199 additionally failed to delete the areas spaced in the second order from Order No. 35306. The applicant-appellant contends here the second order is void on its face inasmuch as it purports to modify a previous order of the Commission without finding a change of condition in the formation, amounting to a prohibited collateral attack on an order of the Commission. It is argued that the effect of No. 51199 is to establish two orders covering the same land and the same common source. The relief requested before the Commission was a ruling that the 1963 Order, No. 51199, be declared void on its face and a nullity from and after its entry. The State specifically refused to seek a determination that a modification order be issued in the light of the new geologic evidence reflecting the formations under consideration were all a single common source. The distinction in this instance between declaring No. 51199 void and issuing a modification order is that a modification order is prospective, while a determination that No. 51199 was void may retroactively affect correlative rights, including royalties paid under the 1963 Order.

In support of the proposition that the Corporation Commission has no power to issue a second order covering the same area of land and the same common source as a prior order, the appellant directs our attention to the case of *Application of Continental Oil Company*, Okl., 376 P.2d 330 (1962), wherein it is stated at p. 334:

"When an application is made to vacate, amend or modify a spacing and well drilling unit established by a former order of the Commission, which has become final, the Commission is without authority to *entertain* or grant such *an application* in the absence of a showing of a substantial change of condition in the area since the former order was made or other change of factual situations specified in the statute." [Emphasis added]

A similar statement appears in *Phillips Petroleum Co. v. Corporation Commission*, Okl., 482 P.2d 607 (1971), quoted from *Cameron v. Corporation Commission*, Okl., 414 P.2d 266 (1966):

"The Corporation Commission is without authority to *entertain* or grant *an application* to vacate, amend or modify a spacing and well drilling unit established by a former order of The Commission which has become final, in the absence of a showing of a substantial change of knowledge of conditions existing in the area since the former order was made or other change of factual situations specified in the statutes." [Emphasis added]

The following cases are cited as in accord with the quoted statement. *Wood Oil Co. v. Corporation Commission*, 205 Okl. 537, 239 P.2d 1023 (1950); *Carter Oil Co. v. State*, 205 Okl. 374, 238 P.2d 300 (1951).

The argument that a Corporation Commission order was void because no change of condition was reflected in the modification order was made in *Carter Oil Co. v. State*, supra. However, the decision in that case rested upon lack of the notice required by 52 O.S.1941 § 112 and not on absence of the change of condition finding. Our research has not disclosed an instance where a modification order of the Oklahoma Corporation Commission has been held void and a nullity for failure to set forth a change of condition where the proceeding involved was a collateral attack as distinguished from an appeal on the merits.

The appeal before us presents the question of whether change of condition or knowledge of condition in an oil or gas bearing formation is a fact necessary to the jurisdiction of the Corporation Commission in a proceeding to modify a prior final order. This Court has required change of condition in the knowledge of the formation, or the characteristics of the formation itself, to be present before the Commission modifies a prior final order. This require-

ment has arisen from the Court's interpretation of 52 O.S.1971 § 111 wherein it is stated: "No collateral attack shall be allowed upon orders, rules and regulations of the Commission made hereunder . . ." This Court refused to allow a second order to be issued covering the same land and common source as a prior final order because that attempt would be an attempt to void or defeat the effect of the prior order in what amounts to a collateral attack prohibited by the statute.

A collateral attack has been defined by this Court in *Watkins v. Jester,* 103 Okl. 201, 229 P. 1085 (1924) and *Pettis v. Johnston,* 78 Okl. 277, 190 P. 681 (1920):

"A collateral attack on a judicial proceeding is an attempt to avoid, defeat, or evade it, or to deny its force and effect in some manner not provided by law; that is, in some other way than by appeal, writ of error, certiorari, or motion for a new trial."

 The prohibition against a collateral attack on an order of the Corporation Commission does not prevent inquiry into the jurisdiction of the tribunal where the questioned ruling is relied upon in a subsequent proceeding. The jurisdiction of any court exercising authority over any subject may be inquired into in every other court when the proceedings of the former are relied upon by a party claiming the benefit of that former proceeding. *Mayfield v. L. V. French Truck Service, Inc.,* Okl., 369 P.2d 461 (1961); *Roberts v. Whiteman,* 51 Okl. 731, 152 P. 378; *Sharp v. Sharp,* 65 Okl. 76, 166 P. 175; *Southern Pine Lumber Co. v. Ward,* 16 Okl. 131, 85 P. 459.

 Consequently, an examination of the prior order may be made in a collateral proceeding for the limited purpose of determining the jurisdiction, or lack thereof, of the issuing tribunal. Generally, however, the adjudication of jurisdictional facts in a domestic judgment by a court having jurisdiction of the general subject matter is conclusive in a collateral proceeding attacking that judgment by attempting to put the jurisdictional facts in issue again on any of the three elements of jurisdiction. *Fitzsim-*

*mons v. City of Oklahoma City,* 192 Okl. 248, 135 P.2d 340 (1943); *Fooshee v. Craig,* 110 Okl. 189, 237 P.2d 78 (1925); *Gregg v. Seawell,* 85 Okl. 88, 204 P.2d 908 (1922). The three jurisdictional prerequisites to any valid judgment are:

(1) jurisdiction over the parties, (2) jurisdiction of the general subject matter, and (3) jurisdiction or power to render the particular judgment. *Fitzsimmons,* supra, and cases cited therein.

 Is the existence of a change of condition or knowledge of condition a jurisdictional fact necessary to the jurisdiction of the Corporation Commission where modification of a prior final order is requested? This Court's statement that the Commission is without authority to *entertain* an *application* to amend a final order without proof of change of condition indicates that change of condition is an essential threshold question of fact which the Commission must adjudicate before proceeding with the application. This fact does not establish change of condition as a necessary jurisdictional fact—it is not. The jurisdiction of the Commission over the parties is unrelated to change of condition in the formation. Similarly, change of condition is unrelated to the general subject matter jurisdiction of the Corporation Commission. Broadly stated, in the area of oil and gas, the general subject matter jurisdiction of the Commission is the conservation of oil and gas and the protection of correlative rights. This action pertaining to a spacing and well drilling order is within the general subject matter jurisdiction of the Commission. The power of the Commission to enter a modification order is expressly conferred by 52 O.S.1971 § 87.1(c). That fact establishes the Commission's jurisdiction to enter the modification order sought. It is established that change of condition in the formation is not an element of the three requirements of jurisdiction in this proceeding. The cases quoted above from our prior opinions indicate that a factual determination of change of condition is necessary before the Commission may *entertain* an application to modify. A well written answer to the ques-

tion of characterization of a necessary portion of an applicant's proof which is neither a part of the necessary jurisdictional facts nor a part of the applicant's cause of action is found in *Abraham v. Homer*, 102 Okl. 12, 226 P. 45 (1924) and is quoted here at length from p. 47:

"Jurisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court. Each element of jurisdiction is dependent upon both law and fact. Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person. Facts showing that the matter involved in a suit constitutes a subject-matter consigned by law to the jurisdiction of that court are essential to jurisdiction over the subject-matter of the suit. Facts showing that a particular judgment is rendered in compliance with all existing mandatory law in that regard are essential to jurisdiction to render a particular judgment. All such facts are known as jurisdictional facts. . . .

. . . . .

Although in a suit the court has jurisdiction over the person, and has assumed the existence of the jurisdictional facts, it cannot voluntarily set its judicial wheels in motion. In most cases the law applicable requires that, before a court determine the existence of a cause of action and determines to grant relief and to so order, there must exist certain other facts neither jurisdictional nor forming a part of a cause of action; it is always required that a party to a suit petition the court to act and grant relief of the general nature which it adjudges and orders. . . . All such facts not constituting proof of the existence of the subject-matter, nor of the cause of action, but conditions precedent to the right of the court to proceed after it has acquired jurisdiction over the subject-matter and of the person, are known as quasi jurisdictional facts. Their existence the court does not merely assume, but adjudicates for its jurisdiction to so do is created by the law and the jurisdictional facts. It is usually of no great importance to distinguish whether a given fact is a quasi jurisdictional fact or a fact constituting a part of a cause of action, because the court, otherwise with jurisdiction, has the same power to adjudge the existence of the former as it has of a cause of action, and its adjudication in neither regard is subject to collateral attack, even when the error of the adjudication is apparent upon the face of the record. . . .

. . . . .

On collateral attack against the judgment of a court of record, when fraud is absent, and all necessary jurisdictional facts existed in the court rendering the judgment attacked, the court on such collateral attack has no right to inquire, determine, and adjudge as to the existence in the original action of quasi jurisdictional facts or facts constituting a cause of action, and this is true, even though upon the face of such judgment itself it appears that the court in the original action had erred both in fact and in law as to the existence of such facts and the right of the parties to the relief granted."

■ Order No. 51199 was issued pursuant to the authority of 52 O.S.1961 § 87.1(c). The prohibition against collateral attacks on Orders of the Corporation Commission is found in 52 O.S.1961 § 111. These statutes do not provide that the Commission shall not render a *modification order without showing a change of condition* and thus under the 1961 statutes, such a showing was not a jurisdictional fact necessary to the power of the Commission to render that particular judgment, despite the fact we have stated the Commission is without authority to entertain an application to amend a final order without proof of change of condition. The recitation in the order of change of condition in the formation, or of knowledge relative to the formation, is a fact not constituting a part of the cause of

action, but is a condition precedent to the right of the Commission to proceed after it has acquired jurisdiction over the subject matter and person. As noted in the quotation from *Abraham v. Homer,* supra, in a collateral attack there is no right to inquire, determine, or adjudge as to the existence in the original action of quasi jurisdictional facts or facts constituting the cause of action, even where it appears on the face of the order that the Court erred in fact or in law as to the existence of the facts and the right of the parties to the relief granted.

In prior opinions, we have stated that an order modifying a prior order of the Corporation Commission amounts to a prohibited collateral attack upon the first order if the modification is not premised upon a changed factual situation since the first order. *Phillips Petroleum Co. v. Corporation Commission,* Okl., 482 P.2d 607 (1971); *Cameron v. Corporation Commission,* Okl., 414 P.2d 266 (1966). Where, as here, the questioned order sought a modification of a prior order, was granted by the Commission, and becomes final not being appealed from, only to be attacked collaterally at a subsequent date, the absence of a finding of change of condition is the absence of a quasi jurisdictional fact. This being the case, the Commission had no right to inquire, determine or adjudge as to the existence in the original action of that fact, and the Corporation Commission consequently correctly refused to vacate Order No. 51199 for the absence of that questioned fact.

AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, SIMMS and DOOLIN, JJ., concur.

OPALA, J., concurs in result.