**GREGG et al. v. SEAWELL.**

No. 10534—Opinion Filed Feb. 14, 1922.

(Syllabus.)

1. **Judgment—Conclusiveness — Collateral Attack.**

An adjudication of the jurisdictional facts in a domestic judgment is conclusive in a col-

lateral proceeding attacking such judgment by attempting to again put such facts in issue. Blackwell et al. v. McCall et al., 54 Okla. 96, 153 Pac. 815.

## 2. Same—Motion to Quash Service of Summons After Judgment.

A motion filed in a cause to quash the service of a summons after judgment, where the judgment entered in the action is regular upon the judgment roll, is a collateral attack upon such judgment, and such a proceeding being unauthorized by law, the motion was properly denied.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Motions by Walter S. Gregg and another to quash service of summons after judgment in favor of T. B. Seawell. Motions overruled, and movants bring error. Affirmed.

Wilson, Tomerlin & Threlkeld, for plaintiffs in error.

Wm. A. Smith, for defendant in error.

KENNAMER, J. The plaintiffs in error, Walter S. Gregg and the Gregg Pump Company, a corporation, on the 27th day of August, 1918, filed separate motions to quash the service of summons made upon the plaintiffs in error in an action wherein T. B. Seawell was plaintiff and Walter S. Gregg and the Gregg Pump Company, a corporation, were defendants; judgment having been entered in said action on the 12th day of August, 1918, in favor of T. B. Seawell against Walter S. Gregg and the Gregg Pump Company.

The motion filed to quash the service of summons in the action was filed on the 27th day of August, 1918, several days after the rendition of the judgment in the action.

The question raised by the motion to quash the summons involves the validity of the service of summons made by the attorney representing the plaintiff in the action. The trial court overruled the motion of the plaintiffs in error to quash the service of the summons, and they seek to have the order of the trial court overruling the motion reviewed by this appeal.

Upon an examination of the record we find that the judgment of the trial court rendered in the action wherein Seawell was plaintiff and Walter S. Gregg and the Gregg Pump Company were defendants is regular upon the judgment roll. The judgment recites that the service of summons was in all respects proper and legal. The record of the summons and return appears valid and regular in all respects. While it does appear that W. A. Smith served the summons,

the verification of the return in all respects complies with section 4710, Rev. Laws 1910, prescribing who are proper persons and the manner of serving a summons.

The plaintiffs in error have cited no authority in their brief authorizing them to move to quash the service of a summons after the court has tried the cause and rendered judgment. It is obvious that such a summary proceeding is, in effect, an attack upon the judgment of the court, at least to the extent that the judgment adjudicated that the service of the summons was regular and effectual to vest the court with jurisdiction to adjudicate the issues involved in the action. The plaintiffs in error in their motion to quash the service of summons in no way challenge the correctness of the judgment rendered in the cause upon any grounds.

It is plain that if the court in this summary proceeding should decree the service of summons invalid, it would indirectly adjudicate that the judgment rendered in the cause is void. It is clear that this is the actual relief which the plaintiffs in error are seeking in this incidental proceeding.

The statutes of Oklahoma clearly prescribe the manner of vacating, reversing, and setting aside the judgments of courts, and a party seeking such relief must institute proper proceedings, such as are prescribed by law. Where a party institutes a summary proceeding unauthorized by law, which in effect is a collateral attack upon a judgment of a court that is a valid and subsisting judgment according to the judgment roll, and it appears that the relief sought indirectly and collaterally affects such a judgment, the trial court does not commit error in denying the relief invoked.

This court has defined direct and collateral attack as follows:

"A 'direct attack' on a judicial proceeding is an attempt to avoid or correct it in some manner provided by law. A 'collateral attack' on a judicial proceeding is an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it." Continental Gin Company v. DeBord, 34 Okla. 66, 123 Pac. 159; Bruno et al. v. Getzelman, 70 Oklahoma, 173 Pac. 853.

Applying the rule as above announced, it is clear that this proceeding is either a summary or incidental proceeding to avoid the judgment rendered in the action in a manner not provided by law, and is, therefore, a collateral attack upon the judgment.

In the case of Blackwell v. McCall, 54 Okla. 96, 153 Pac. 815, it was held:

"An adjudication of the jurisdictional facts in a' domestic judgment is conclusive in a collateral proceeding attacking such judgment by attempting to again put such facts in issue."

We conclude that the plaintiffs in error in this cause cannot in a summary manner have adjudicated the jurisdictional facts which were adjudicated by the judgment of the trial court that entered the judgment in the original action. We do not want to be understood as passing upon the validity of the service of a summons served by an attorney of record in an action, as we deem it unnecessary, in view of our conclusions herein, to pass upon that question. We conclude that a motion to quash summons after judgment is unauthorized by law, as such a motion is only properly filed prior to the rendition of judgment.

The judgment of the trial court is affirmed.

PITCHFORD, V. C. J., and KANE, JOHNSON, and MILLER, JJ., concur.