## CLARK v. WEBSTER TOWNSITE CO. et al.

No. 27441.    Jan. 11, 1938.

Rehearing Denied April 12, 1938.

Howard Phillips, County Atty., T. G. Carr, Asst. County Atty., and Geo. T. Arnett, for plaintiff in error.

H. P. Hosey, for defendants in error.

PHELPS, J.    The State of Oklahoma ex rel. C. D. Wilkinson, County Attorney, filed its action in the district court to dissolve the corporation of the defendant Webster Townsite Company, and to enjoin the remaining defendants from removing buildings from the property. A restraining order was granted and a receiver appointed for the property.

Thereafter plaintiff in error, county treasurer, intervened in said action alleging that the property involved was subject to unpaid and delinquent taxes owing to McCurtain county in an amount approximating $10,000; that the property and the improvements thereon did not exceed the fair value of $2,500. Intervener prayed that the property be foreclosed and sold in satisfaction of the tax liens pursuant to the provisions of sections 12733 to 12739, O. S. 1931.

The trial court sustained defendant's demurrer to the petition in intervention on the ground that the designated statute under which the petition in intervention was filed is unconstitutional and void.

Sections 12733 to 12739, O. S. 1931, supra, constitute chapter 212, S. L. 1923. This court has held said act unconstitutional. In Nelson v. Pitts, County Treas., ex rel. Lattimore, County Attorney, 126 Okla. 191, 259 P. 533, in discussing the provisions of chapter 212, S. L. 1923, supra, we said:

"It is obvious that said section is violative of section 15 of the Bill of Rights, which provides positively that no law impairing the obligation of contracts shall ever be passed.

"And to the same extent which said chapter 212, S. L. 1923, tends to impair the obligation of contracts and to extinguish vested rights, it also tends to restrict the power of the state to levy and collect taxes and to extinguish obligations due the state in violation of both section 5, art. 10, of the Constitution, which provides:

" 'The power of taxation shall never be surrendered, suspended or contracted away' "—and section 53, art. 5, which provides:

" 'The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liabilities, or obligations of any corporation, or individual, to this state, or any county or other municipal corporation thereof'

"—and for this reason said chapter 212 is void."

In Hanchett Bond Co. v. Morris, County Treas., 143 Okla. 110, 287 P. 1025, in the body of the opinion, the following language is used in reference to chapter 212, supra:

446

"In the first place, the county treasurer had no authority whatever to bring any suit to foreclose the various liens, and the district court had no jurisdiction to entertain the same, except by authority granted in the Act of 1923, which was held by this court to be unconstitutional. It follows, therefore, that except for that act the district court had no jurisdiction of this action."

In view of the above authorities and inasmuch as an adequate remedy is available to intervener for the collection of any taxes due on the property, separate and distinct from the provisions of the statute sought to be followed, we conclude that no error was committed by the trial court in sustaining the demurrer to intervener's petition.

The judgment is affirmed.

RILEY, WELCH, CORN, G I B S O N, HURST, and DAVISON, JJ., concur. OSBORN, C. J., and BAYLESS, V. C. J., absent.