## FITZSIMMONS v. OKLAHOMA CITY et al.

No. 30848. Dec. 15, 1942.

Rehearing Denied March 30, 1943.

*135 P. 2d 340.*

Geo. A. Fitzsimmons, of Oklahoma City, for plaintiff in error.

Everest & Halley, Everest, McKenzie & Gibbens, A. L. Jeffrey, Municipal Counselor, and Leon Shipp, Asst. Municipal Counselor, all of Oklahoma City, for defendants in error.

HURST, J. The decisive question in this case involves the law of collateral attack of judgments.

The plaintiff, George A. Fitzsimmons, sued to cancel a reassessment for street improvement refunding bonds against four lots in Oklahoma City belonging to him. The city and the present bondholders were made parties defendant. From a judgment in favor of the defendants, the plaintiff appeals.

The original paving bonds were issued Sept. 12, 1911. In 1919 the Legislature enacted a statute (ch. 200, S. L. 1919) authorizing an action by the bondholder, the property owner, and others to determine the amount of the ad valorem tax and special assessment liens against property in cities and towns having a population of 3,500 or more and the foreclosure of the same. On October 23, 1920, Fitzsimmons filed an action in the district court for relief under said statute. Oklahoma City, Oklahoma county, the county treasurer, and the unknown bond or warrant holders were made parties defendant and were served in the manner directed by the statute, the unknown bond or warrant holders being served by publication notice. The city and county answered, but the bondholders made default. On December 11, 1920, judgment was rendered in said action determining the amount due and ordering the property sold to satisfy the same. Pursuant to the judgment the four lots were sold as provided in said statute, and as directed in the judgment, and Fitzsimmons purchased the property at the

sheriff's sale. The sale was confirmed on February 5, 1921, and sheriff's deed duly issued to Fitzsimmons was recorded on February 15, 1921. On February 14, 1922, a decision by this court adjudging said statute to be unconstitutional became final. See Board of County Com'rs v. Hammerly, 85 Okla. 53, 204 P. 445. On May 27, 1941, an ordinance was passed and approved by the council and mayor of Oklahoma City, pursuant to sections 6252-6266, O. S. 1931, as amended by chapter 53, S. L. 1933, making the reassessments now complained of against the said four lots to pay their proper share of the amount then found to be due on the 1911 paving assessments.

Fitzsimmons argues that, since the judgment in 1920 was rendered before the law under which the court acted was adjudged to be unconstitutional, the same was at most only voidable and not void, and the action of the city in making the assessment against his property constitutes an unauthorized collateral attack upon said judgment. He relies upon Casner v. Meriwether, 152 Okla. 246, 4 P. 2d 19 (opinion on rehearing); Jones v. McGrath, 160 Okla. 211, 16 P. 2d 853; and Walker v. Stubblefield, 167 Okla. 50, 27 P. 2d 1043, which follow the rule that a judgment of a court of general jurisdiction rendered under authority of a particular statute is not void, though the statute be thereafter adjudged to be unconstitutional. The Jones Case involved the same 1919 statute as is involved in the present case. The Walker Case involved a similar statute enacted in 1923, and the Casner Case involved a similar statute enacted in 1925.

The defendants argue that the cited cases are not controlling since they do not involve the question of jurisdiction of the person and of the subject matter. They say that since the statute under which the owners of the bonds were served was unconstitutional, the bondholders were never in court and the judgment is for that reason void as to them. They also argue that the law under which the bonds were issued in 1911 became a part of the contract, which could not be impaired by a judgment under the 1919 statute. They rely upon Clark v. Webster Townsite Co., 182 Okla. 445, 78 P. 2d 390; Glover v. Warner, 135 Okla. 177, 274 P. 867; Cochran v. Norris, 175 Okla. 126, 51 P. 2d 736; Independent Oil & Gas Co. v. Clark, 175 Okla. 257, 52 P. 2d 789; and Prudential Insurance Co. v. Board of County Com'rs of Garvin County, 185 Okla. 362, 92 P. 2d 359.

1. We are of the opinion that the contention of Fitzsimmons must be sustained on authority of the cases relied on by him, which follow what is said to be the majority rule in civil cases (36 A. L. R. 492, note) but which does not obtain in criminal cases. L. R. A. 1918D, 1007.

There are three jurisdictional prerequisites to any valid judgment, (1) jurisdiction of the parties, (2) jurisdiction of the general subject matter, and (3) jurisdiction or power to render the particular judgment, and a judgment of a court of general jurisdiction will not be declared void so as to be subject to collateral attack unless an inspection of the judgment roll discloses the absence of one of said jurisdictional prerequisites. See Sharp v. Sharp, 65 Okla. 76, 166 P. 175, L. R. A. 1917F, 562; Standard Savings & Loan Ass'n v. Anthony Wholesale Grocery Co., 62 Okla. 242, 162 P. 451, L. R. A. 1917D, 1029; Title Guaranty & Surety Co. v. Foster, 84 Okla. 291, 203 P. 231; Winona Oil Co. v. Barnes, 83 Okla. 248, 200 P. 981; State v. Armstrong, 158 Okla. 290, 13 P. 2d 198; Oklahoma City v. Robinson, 179 Okla. 309, 65 P. 2d 531; 31 Am. Jur. 70-73; 33 C. J. 1072-1077.

An adjudication of the jurisdictional facts in a domestic judgment by a court having jurisdiction of the general subject matter is conclusive in a collateral proceeding attacking such judgment by attempting to again put such facts in issue (Gregg v. Seawell, 85 Okla. 88, 204 P. 908; Fooshee v. Craig, 110 Okla. 189, 237 P. 78), and this rule applies to each of the three elements of juris-

diction above mentioned. 15 R. C. L. 863, § 337; 34 C. J. 552, § 851. This court has repeatedly applied this rule to service of process and jurisdiction of the parties. See Continental Gin Co. v. De Bord, 34 Okla. 66, 123 P. 159; Daugherty v. Feland, 59 Okla. 122, 157 P. 1144; Pettis v. Johnston, 78 Okla. 277, 190 P. 681; Samuels v. Granite Savings Bank & Trust Co., 150 Okla. 174, 1 P. 2d 145; Yahola Oil Co. v. Causey, 181 Okla. 129, 72 P. 2d 817; Collingsworth v. Hutchison, 185 Okla. 101, 90 P. 2d 416; May, Adm'r, et al. v. Casker, 188 Okla. 448, 110 P. 2d 287; Crouch v. Crouch, 191 Okla. 74, 126 P. 2d 994.

The defendants' contention is predicated upon the proposition that the judgment of December 11, 1920, is void because of the invalidity of the statute under which it was rendered. They do not contend that process was not served upon the defendants in the manner provided by the statute, or that if the statute had been constitutional the manner of service provided in the statute violated constitutional principles. They do not contend that the district court did not have jurisdiction of the general subject matter, to wit, the foreclosure of liens. They do not contend that the petition filed by Fitzsimmons did not present the issues that were decided, nor do they contend that the judgment as rendered was not within the terms of the statute. When the case was presented to the court for trial, it was its duty to act. None of the parties raised the question of the constitutionality of the statute. The court had jurisdiction to determine whether the statute was constitutional. It had jurisdiction to determine whether the parties were before the court, whether it had jurisdiction of the subject matter, and whether under the issues as presented it had jurisdiction and power to render the particular judgment. It had jurisdiction to decide those questions, both of law and of fact, correctly or incorrectly, and though, as was subsequently held in Board of County Commissioners v. Hammerly, above, the court committed error in rendering the judgment, and the error

would have required reversal of the judgment on direct attack by appeal if the question had been raised by the defendants in the trial court (Fast v. Gilbert, 102 Okla. 245, 229 P. 275), yet the error was one of law in the exercise of jurisdiction. The error was in assuming, and impliedly deciding, that the statute was constitutional. The judgment was at most only voidable and subject to direct attack, but it was not void so as to be subject to collateral attack. See Casner v. Meriwether, Jones v. McGrath, and Walker v. Stubblefield, above; Cherry v. Godard, 179 Okla. 158, 64 P 2d. 315; National Surety Co. v. S. H. Hanson Builders Supply Co., 64 Okla. 59, 165 P. 1136; Chicot County Drainage District v. Baxter State Bank, 308 U. S. 371, 84 L. Ed. 329, 60 S. Ct. 317; Tube City Min. & Mill. Co. v. Otterson, 16 Ariz. 305, 146 P. 203; Ex parte Henshaw, 73 Cal. 486, 15 P. 110; Adams Express Co. v. Bradley, 179 Ky. 238, 200 S. W. 340; Van Fleet's Collateral Attack, §§ 66, 200; 34 C. J. 555, § 856; 15 R. C. L. 681, § 335.

The cases relied upon by the defendants are not in point. In Clark v. Webster Townsite Co., above, it was properly held that a demurrer to an intervening petition based on a statute *theretofore* declared unconstitutional by this court was properly sustained. By the prior decision of this court, the law under which the intervening petitioners asked judgment had ceased to become operative to the same extent as if it had been repealed by the Legislature. 33 C. J. 1076. The other cases apply the well-settled rule that where a court is acting pursuant to authority given in a particular statute and it enters a judgment that is clearly contrary to the statute, where the right of the court to enter the judgment is not debatable, the judgment is void on its face and subject to collateral attack. These cases are in accord with the general rule. See 15 R. C. L. 854, § 328; 31 Am. Jur. 70, § 407; 33 C. J. 1076, § 37; 34 C. J. 528-532; Freeman on Judgments (5th Ed.) § 338. They would be in point here if the judgment of December 11, 1920, had been contrary to the plain language of

the statute under which the action was prosecuted. It clearly was not, and it is not contended that it was.

2. The defendants also urge that under the rule stated in Brooks v. Garner, 20 Okla. 236, 94 P. 694, and Grison Oil Corp. v. Lewis, 175 Okla. 597, 54 P. 2d 386, the plaintiff could not purchase his own property at the foreclosure sale and that he did not thereby acquire title to the property. The answer is that the statute authorized him to purchase and, for the reasons above stated, the defendant cannot now collaterally attack the judgment of foreclosure and the decree confirming the sale for that reason.

3. Likewise, the contention of the defendants that the law in force at the time the bonds were issued in 1911 (ch. 10, art. 1, S. L. 1907-08) entered into and became a part of the contract, and the obligation of the bonds could not be impaired by the 1919 Act, or any judgment entered thereunder, is answered by what we have said above. This argument simply presents an additional reason why the law is unconstitutional as to the bondholders. The judgment of December 11, 1920, and the order of confirmation of February 5, 1921, cannot be impeached for that reason any more than for the reason assigned in the case of Board of County Com'rs v. Hammerly, above.

We conclude that the judgment of December 11, 1920, and the decree confirming the sale to Fitzsimmons, and the sheriff's deed based thereon, had the effect of extinguishing the assessment liens, and the governing authorities of Oklahoma City were without authority to levy the assessments complained of. Having reached this conclusion, it is unnecessary to discuss the other contention of Fitzsimmons.

Reversed, with directions to enter judgment for the plaintiff, canceling the reassessment as to the four lots.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. GIBSON, J., dissents.