LVO FEDERAL CREDIT UNION,
Appellee,

v.

Torchy Jane WOLFE, formerly Bellows, Richard A. Wolfe, and Oklahoma Morris Plan, a corporation, Appellees,

and

Tulsa Abstract & Title Company, Appellant.

No. 49140.

Supreme Court of Oklahoma.

Nov. 29, 1977.

Rehearing Denied Feb. 8, 1978.

Ron D. McKenzie, Tulsa, for appellee-Oklahoma Morris Plan.

Robert J. Woolsey, Tulsa, for appellant.

DAVISON, Justice:

This case involves an appeal perfected by the Tulsa Abstract and Title Company, from a judgment against it in favor of the Oklahoma Morris Plan Company, for damages suffered by the Morris Plan Company because of its loss of interest in property on which it accepted a mortgage, the loss being caused by negligence on the part of the Abstract company.

In June, 1974, the defendant Abstract company issued and delivered to Oklahoma Morris Plan Company an abstract certificate covering specific property in Tulsa County on which the Morris Plan was about to take a mortgage to secure the payment of a note executed by Torchy Jane Wolfe, formerly Bellows, and Richard A. Wolfe. In preparing the abstract certificate, the Abstract company did not include the pleadings in Case No. C–71–1695, filed in the District Court of Tulsa County. That case was styled LVO Federal Credit Union, a corporation, Plaintiff v. Torchy Jane Wolfe, formerly Bellows, and O. G. Bellows, Defendants. The action was founded upon two promissory notes. In the petition filed in that case, the plaintiff alleged, among other things:

3. "Plaintiff further alleges and states that the defendant, Torchy Jane Wolfe, formerly Bellows, has left the State of Oklahoma, with the intention of defrauding her creditors and to avoid the service of summons and is about to remove her property, or part thereof, out of the jurisdiction of the Court with the intent to defraud her creditors. Further, that the defendant, Torchy Jane Wolfe, formerly Bellows, has real property located within Tulsa County, State of Oklahoma, but she is about to convert this property into money for the purpose of placing it beyond the reach of her creditors.

4. Plaintiff further alleges and states that a writ of attachment should issue against the property of the defendant, Torchy Jane Wolfe, upon the grounds stated herein." [Emphasis added]

Paragraph three of the petition was later amended to read:

3. "Plaintiff further alleges and states that the defendant, Torchy Jane Wolfe, formerly Bellows, has assigned, removed and disposed of, and is about to

dispose of additional property, or a part thereof, with the intent to hinder and delay her creditors. Further that said defendant has property within Tulsa County, Oklahoma."

The Tulsa County file also contained an Attachment Affidavit, an Order of Attachment served upon Torchy Jane Wolfe, formerly Bellows, and an Attachment Bond.

At the time the abstract was prepared, the Order of Attachment, served upon Ms. Wolfe, had been in the court file for almost three years. Additionally, judgment had been entered against Ms. Wolfe and co-defendant Bellows, more than a year prior to the preparation of the abstract. Although at the time of the making of the abstract, no journal entry had been filed, the judgment was memorialized in the court's minutes. A Journal Entry of Judgment was eventually filed.

Neither Ms. Wolfe nor Mr. Bellows appealed from the judgment in the trial court, nor from the issuance of the Order of Attachment.

After judgment in its favor, LVO Federal Credit Union proceeded with preparations to sell the real property in Tulsa County which had been attached. After the judgment, and prior to the day of the sale, the Oklahoma Morris Plan Company, relying upon the abstract prepared by the Tulsa Abstract and Title Company, accepted a mortgage on the same real property, not being aware of the attachment on the land.

On the day of the sale, LVO Credit Union's attorney canceled the sale, then brought a declaratory judgment action in the District Court of Tulsa County, asking the court to determine whether LVO Federal Credit Union's attachment or Morris Plan's mortgage had priority. Shortly thereafter, Morris Plan joined the Abstract company as a third party defendant. In the declaratory judgment action, the trial court ruled that the Credit Union's attachment took priority over the mortgage, entitling the Credit Union to its rights under the attachment and judgment, and found that the Oklahoma Morris Plan Company had suffered damage because of the loss of

its interest in the mortgaged property—the damage being the amount of the balance due on the note, $6,959.43 together with interest at the rate of 10%, a reasonable attorney's fee of $1,250.00, and costs of the action. The trial court additionally held that the Abstract company's failure to include the pleadings of the prior case in the abstract caused Morris Plan's loss. Accordingly, the court found the Abstract company liable for the damage caused by their negligence. It is from that judgment that the Abstract company appeals.

On appeal, the Abstract company attacks LVO Federal Credit Union's attachment, arguing that it is void and of no effect. In raising this issue, the Abstract company asserts that the Affidavit of Attachment and other instruments were fatally defective, as was service. Assuming arguendo that there were defects in the instruments of attachment, we hold such defects were waived when neither Ms. Wolfe nor Mr. Bellows appealed from the issuance of the Order of Attachment or from the judgment issued against them. Similarly, any defects in service were also waived. The defendants filed a Motion to Quash, which was overruled. After the Motion to Quash was overruled, they proceeded to answer and defend, but sought no affirmative relief. By proceeding in this fashion, the defendants saved their objection to jurisdiction and could have raised it on appeal. However, *no appeal was taken.* Accordingly, we hold that any defects in service, if any existed, were waived. Appellant Abstract company, through a collateral attack on the attachment, now seeks to relitigate the question of service, and the validity of the attachment.

With respect to the alleged defect of the personal service, upon which the trial court ruled when it overruled the debtors' Motion to Quash, we note that an adjudication of jurisdictional facts is not properly raised in a collateral proceeding. In *Fitzsimmons v. City of Oklahoma City,* 192 Okl. 248, 135 P.2d 340 (1943), we stated:

"An adjudication of the jurisdictional facts in a domestic judgment by a court having jurisdiction of the general subject matter is conclusive in a collateral proceeding attacking such judgment by attempting to again put such facts in issue (*Gregg v. Seawell,* 85 Okl. 88, 204 P. 908; *Fooshee v. Craig,* 110 Okl. 189, 237 P. 78), * * *."

Also see *Continental Gin Co. v. De Bord,* 34 Okl. 66, 123 P. 159 (1912), in which we held that when in a judicial proceeding the court expressly finds that the. defendant is present, such finding is not subject to attack in a collateral proceeding.

■ As to any defects that may have existed in the acquiring of the attachment, the defects, if any existed, were not jurisdictional, and therefore may not be attacked in a collateral proceeding. *E. g., Fitzsimmons v. City of Oklahoma City, supra.*

■ For the above stated reasons, we hold that the validity of LVO Credit Union's attachment on the property involved cannot be attacked on a collateral basis.

■ Appellant Abstract company argues that even if the attachment lien was held to be valid, the attachment did not constitute a lien on the property at the time the abstract was prepared, for no journal entry of judgment had been filed in the case. In support of this proposition, appellant Abstract company cites 12 O.S.1971 § 706,[1] which provides when and how *JUDG-*

*MENTS* become liens on real estate. This argument has no merit, as we are not dealing, in this case, with a *judgment lien,* but are dealing with an attachment as a lien on a property. At the time the abstract was prepared by the appellant, the Order of Execution, the Attachment Bond, and Affidavit were on file, and the attachment constituted a lien on the property, regardless of the fact that no journal entry of judgment on the merits of the case itself had been entered on the judgment docket.

■ Appellant Abstract company also argues that even if the attachment was valid and operated as a lien against the property when the abstract was prepared, that the lien was lost when LVO Federal Credit Union canceled the sale of the property. Nothing in the record indicates that LVO Federal Credit Union, in postponing the sale, had an intent to abandon or vacate its lien. Rather, the record suggests that the sale was postponed in order to allow the Credit Union to determine whether its lien, or Morris Plan's mortgage, had a prior claim to the real property involved. As the postponement of the sale could not legitimately be characterized as an unsatisfied execution, and as it did not constitute an abandonment of the lien, we hold that the Credit Union's action did not destroy its lien.

Lastly, appellant Abstract company raises two issues, both of which have little or no merit. First, they assert that the property

---

1. 12 O.S.1971 § 706 provides:

 "Judgments of courts of record of this State, except County Courts, and of the United States rendered within this State, shall be liens on the real estate of the judgment debtor within the county in which the judgment is rendered from and after the time such judgment is entered on the judgment docket, but such judgment shall not be a lien on the real estate of the judgment debtor in any other county in this State until a certified copy of such judgment shall be filed and docketed in such county, as hereinafter provided, and shall not be a lien on the real estate of the judgment debtor in any county in the State, except in all counties where a permanent record of the judgments of the United States Court is kept open to the public, until a certified copy of such judgment shall be filed and docketed in the office of the State District Court Clerk of the county wherein the real estate is situated. An attested copy of the Journal Entry of any such judgment, together with a statement of the costs taxed against the debtor in the case, may be filed in the office of the clerk of the District Court of any county and such judgment shall be a lien on the real estate of the debtor within that county from and after the date of filing and entering such judgment on the judgment docket. The Clerk shall enter judgment on the appearance and judgment dockets in the same manner and within the same time after such judgment is filed in his office as if rendered in the court of which he is clerk. Execution shall only be issued from the court in which the judgment is rendered, or in which a transcript of a county court judgment is first filed."

involved was a homestead of the debtors. As there is not one scintilla of evidence in the record to suggest this, and as the parties admitted it was not their homestead, we deem this argument to be of no merit. Likewise, appellant's contention that their actions resulted in no damages because the Morris Plan has not paid a money judgment, as a result of any negligence, is without merit. Although appellee was not required to pay a judgment, it has, by virtue of the Abstract company's negligence, lost its interest in the collateral and has no tenable method of making the bad debt good.

 1 O.S.1971 § 1, applicable at the time the cause of action involved arose, makes abstracters' liable for "* * * *all damages that may accrue to any person by reason of any incompleteness, imperfections or error in any abstract furnished by him, * * *.*"* In the instant case, appellant Abstract company's abstract was incomplete, as it did not contain court records evidencing appellee Credit Union's attachment lien on the property. As this negligence caused Morris Plan to accept a mortgage it would not have otherwise accepted, we hold that appellant Abstract company is liable for the damage suffered by Morris Plan.

For the above stated reasons, we affirm the judgment of the trial court.

AFFIRMED.

All the Justices concur.