**Leslie CROCKETT, Appellant,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA and Michael Cearing, Appellees.**

**No. 70229.**

Court of Appeals of Oklahoma, Division No. 1.

March 2, 1990.

Joseph A. Sharp, John H.T. Sheridan, Best, Sharp, Sheridan & Stritzke, Tulsa, for appellant.

Pamela S. Anderson, Gable & Gotwals, Tulsa, for appellees.

MEMORANDUM OPINION

PATRICIA DOUGHERTY MacGUIGAN, Judge:

Alvenia Dettlinger, mother of Carl F. Helwig (Helwig) (a Florida resident) and grandmother of Appellant (an Oklahoma resident), was insured by Appellee under certain life insurance policies. Upon the death of Alvenia Dettlinger, said policies were valued in the sum of $2,420.01.

On June 17, 1986, Helwig filed a claim for the funds with Appellee and on July 16, 1986 Appellant, by letter, made her claim for the same funds. Helwig then institut-

ed action in the County Court for Lee County, Florida. Thereafter, on November 12, 1986, Appellee filed a complaint for interpleader against Appellant and Helwig in the U.S. District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1335.

On November 17, 1986, Appellant filed a petition in the District Court of Tulsa County, Oklahoma, against Appellee and against Michael Cearing (Cearing), an agent for Appellee. Appellant alleged negligence on the part of Cearing in procuring a beneficiary change, and negligence, breach of contract, and "bad faith" on the part of Appellee in handling Appellant's claim for the proceeds of the policies. Appellee then filed an amended motion for preliminary injunction to enjoin the prosecution of Helwig's suit in Lee County, Florida and Appellant's suit in Tulsa County, Oklahoma. Appellee also filed a motion to stay proceedings in the District Court of Tulsa County on December 11, 1986, pending resolution of the Florida interpleader action.

The federal court in Florida on January 29, 1987, issued a preliminary injunction concerning the state court actions by both Appellant and Helwig. On the same date, the Florida federal court denied Appellant's motion to dismiss filed in the federal interpleader action, finding that the Florida federal court had jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1335 and 2361. Appellant did not file her answer in the federal interpleader action, however, until September 1, 1987, the date of the pretrial conference. The case itself was scheduled to be tried in the Florida federal court on October 8, 1987. Also, on September 1, 1987 Appellant filed counterclaims against Appellee for breach of contract, negligence, and bad faith. Appellee filed a motion to strike the counterclaims as untimely, and the Florida federal court granted Appellee's motion. Trial was held on the federal action in Florida on October 8, 1987 with Appellant failing to appear, and on October 13, 1987 the Florida federal court awarded the proceeds of the disputed policies to Helwig, and also entered a permanent injunction restraining Appellant from prosecuting her Oklahoma case.

Appellee on November 4, 1987, filed the federal judgment with the Tulsa District Court and moved for summary judgment under the Uniform Enforcement of Foreign Judgments Act, 12 O.S.1981 §§ 719 et seq. The Tulsa District Court sustained Appellee's motion for summary judgment and this appeal resulted.

Appellant asserts three arguments: (1) that the federal court injunction was improperly issued and thus not subject to full faith and credit; (2) that collateral attack on the federal injunction was proper; and (3) that Appellant's state court action did not involve compulsory counterclaims required to be raised in the federal interpleader action.

In *Nilsen v. Ports of Call Oil Company*, 711 P.2d 98 (Okl.1985), a collateral attack was defined as:

> [A]n attempt to avoid, defeat, evade, or deny the force and effect of a final order or judgment in an incidental proceeding other than by appeal, writ of error, certiorari, or motion for new trial. (Citation omitted)

A party collaterally attacking a judgment has the burden of establishing the invalidity of the judgment by competent and convincing proof. *Choctaw & Chickasaw Nations v. City of Atoka, Oklahoma*, 207 F.2d 763 (10th Cir.1953). A successful collateral attack can be made against the validity of a judgment only when it affirmatively appears from the judgment roll that either of three elements is absent; i.e., jurisdiction over the person; jurisdiction of the subject matter; and judicial power to render the particular judgment. *Clay v. Sun River Mining Company*, 302 F.2d 599 (10th Cir.1962). In *Sunray Oil Corporation v. American Royalty Petroleum Company*, 203 Okl. 637, 224 P.2d 965, 970 (1950), the Supreme Court stated:

> [A] judgment is void on its face when its invalidity is affirmatively disclosed by an inspection of the judgment roll, but it is not void, in the legal sense, for the want of jurisdiction, unless its invalidity ap-

pears on the face of the record. (Citation omitted)

*Springer v. Townsend,* 222 F.Supp. 231 (N.D.Okl.1963).

■ In the present case, Appellant asserts that the Florida federal court lacked the power to enter an injunction against the Oklahoma District Court. However, the challenge of jurisdictional facts is not proper in a collateral proceeding. The Court stated in *LVO Federal Credit Union v. Wolfe,* 574 P.2d 293, 296 (Okl.1977):

[a]n adjudication of the jurisdictional facts in a domestic judgment by a court having jurisdiction of the general subject matter is conclusive in a collateral proceeding attacking such judgment by attempting to again put such facts in issue. (Citation omitted)

[W]hen in a judicial proceeding the court expressly finds that the defendant is present, such finding is not subject to attack in a collateral proceeding.

See also, *State v. Corporation Commission,* 590 P.2d 674 (Okl.1979).

In the present case, the federal court in Florida expressly found that it had jurisdiction of the parties and the subject matter under 28 U.S.C. §§ 1335 and 2361. In addition, Appellant conceded that the federal court had jurisdiction over her counterclaims in the interpleader action by filing said counterclaims with her answer. Further, under 28 U.S.C. § 2283, federal courts are granted jurisdiction and power to enter injunctions to stay proceedings in a state court where necessary in the aid of its jurisdiction or to protect or effectuate its own judgments. Thus, in the present case, the Florida federal court, having made a determination as to its jurisdiction over the parties, over the subject matter and the power to render such judgment, such judgment is not now subject to collateral attack.

The District Court for the Western District of Oklahoma in *Coleman v. Court of Appeals,* 550 F.Supp. 681 (1980) found:

In the instant case, plaintiffs seek to collaterally attack a State Court judgment on the grounds that the State Court lacked jurisdiction. A decree of a court must be void on its face to be subject to collateral attack for lack of jurisdiction. To be void on its face a judgment must show from the record that the court lacked jurisdiction over the parties, jurisdiction over the subject matter, or jurisdiction to render the judgment. However, in a collateral attack upon a judgment rendered by a court of competent jurisdiction, there is a presumption in favor of the validity of the judgment and the existence of all necessary jurisdictional facts. It is clear that a court has the power to determine its own jurisdiction and an error in that determination will not render the judgment void.

. . . . .

Nothing appears on the face of the judgment of the Oklahoma County District Court which would indicate that said court lacked jurisdiction of Central's appeal. Under these circumstances where there is a lack of jurisdiction which does not appear on the face of the judgment, the presumption in favor of jurisdiction must stand.

■ Appellant further asserts that the federal court injunction was erroneously issued because said injunction did not fall within one of the three exceptions under 28 U.S.C. § 2283 in which a federal court may stay a state court action. Under the full faith and credit clause of the United States Constitution,

A rebuttable presumption exists that a foreign court rendering the judgment sought to be enforced had jurisdiction and that the judgment is prima facie valid, unless the contrary is shown by proof or by the record itself.

*Pettit v. American National Bank of Austin,* 649 P.2d 525 (Okl.1982). A judgment cannot be collaterally attacked merely because it is erroneous. As the court said in *Kemp v. Turnbull,* 198 Okl. 27, 174 P.2d 384, 386 (1946):

[t]here is a marked and well-recognized difference between (void and merely defective or erroneous judgments), especially where the judgment is collaterally attacked—the general rule being that the latter method of attack can be successful

only where the judgment is void instead of only defective, voidable, or subject to being reversed or set aside in a proper proceeding.

.      .      .      .      .

If the court in rendering the judgment stays within the powers conferred upon it by law and does not transcend the jurisdiction it has acquired in the particular case, its decision however erroneous, is at most voidable and not for that reason subject to challenge in an independent proceeding.

To say that a court is divested of its jurisdiction to decide matters properly brought before it, by deciding them erroneously, is to deny it the very power it is called upon to exercise.

Obviously the power to decide includes the power to decide wrongly, and an erroneous decision is as binding as one that is correct, until set aside or corrected in a manner provided by law. (Citations omitted)

■ A judgment of a court having jurisdiction of the parties and of the subject matter therefore cannot be collaterally attacked but must be changed or vacated by a direct proceeding only. *Fitzsimmons v. City of Oklahoma City,* 192 Okl. 248, 135 P.2d 340, 343 (1942). The Court held in the *Fitzsimmons* case as follows:

The Court had jurisdiction to determine whether the statute was constitutional. It had jurisdiction to determine whether the parties were before the court, whether it had jurisdiction of the subject matter, and whether under the issues as presented it had jurisdiction and power to render the particular judgment. It had jurisdiction to decide those questions, both of law and of fact, correctly or incorrectly and though, as was subsequently held in *Board of County Commissioners v. Hammerly* [85 Okl. 53, 204 P. 445 (1921) ], above, the court committed error in rendering the judgment, and error would have required a reversal

of the judgment on direct attack by appeal if the question had been raised by the defendants in the trial court, yet the error was one of law and the exercise of jurisdiction. The error was in assuming, and impliedly deciding, that the statute was constitutional. The judgment was at most only voidable and subject to direct attack, but it was not void so as to be subject to collateral attack.

See also, *United States v. U.S.F. & G. Company,* 24 F.Supp. 961 (Okla.1938).

We therefore hold that Appellant's state court action and appeal therefrom constitute an improper collateral attack upon a federal judgment. The Florida federal court had the authority to determine whether it possessed jurisdiction of the parties and of the subject matter and to determine if it had the power to enter an injunction to effectuate the judgment rendered. That the federal court committed error in making these determinations does not make the injunction void or subject to collateral attack; Appellant's remedy is by a direct attack in the federal appellate system. Consequently, the Tulsa District Court was correct in sustaining Appellee's motion for summary judgment and determining that the federal injunction was entitled to full faith and credit by the State of Oklahoma.

Due to the resolution and disposition of this case as outlined above, we deem it unnecessary to address Appellant's remaining propositions of error.

AFFIRMED.

HUNTER, V.C.J., concurs.

GARRETT, P.J., concurs in result.