72 F.3d 139
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Betty J. WERMY, Plaintiff-Appellant,
v.
NORWEST FINANCIAL WASHINGTON, INC.; The Singing Source,
Inc.; Honorable Steve Lile, Judge of the District Court for
Comanche County, Oklahoma; Godlove, Joyner, Mayhall,
Dzialo, Dutcher & Erwin, a professional law corporation,
Defendants-Appellees.
 No. 95-6076.
 United States Court of Appeals, Tenth Circuit.
 Dec. 5, 1995.
 
 Before TACHA and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-Appellant Betty J. Wermy, appearing pro se, appeals the district court's order dismissing her civil rights complaint. For the reasons set forth below, we affirm.
 
 
 3
 Norwest Financial Washington, Inc. (Norwest) sued plaintiff in Oklahoma state court for enforcement and collection of a retail purchase contract and unsecured promissory note. Plaintiff was personally served and responded to Norwest's motion for summary judgment with a motion to dismiss, denying the authenticity of her signature on the documents. Plaintiff appeared at a hearing at which she withdrew her motion to dismiss and her forgery defense, and consented to judgment. Judgment was subsequently entered in state court on June 2, 1994.
 
 
 4
 On June 13, 1994, plaintiff filed a motion to set aside the judgment which was denied on July 14, 1994. Plaintiff did not appeal in state court. However, on August 25, 1994, plaintiff filed a complaint in federal district court alleging that the named defendants conspired to violate her constitutional rights during the course of the state court action.
 
 
 5
 Defendant Judge Steve Lile filed a motion to dismiss on the ground of judicial immunity, and alternatively, on the ground that plaintiff's federal court action was an impermissible collateral attack on a state court judgment. Defendant Godlove, Joyner, Mayhall, Dzialo, Dutcher & Erwin (the Godlove firm) filed a motion pursuant to Fed.R.Civ.P. 12(b)(6), also premised on the ground that plaintiff's federal action was an impermissible collateral attack on the judgment. Finally, Norwest moved for summary judgment asserting that plaintiff's complaint was an impermissible collateral attack and that her claims were barred by res judicata.[2]
 
 
 6
 The district court granted Judge Lile's motion to dismiss based on judicial immunity. In dismissing plaintiff's complaint as to Norwest and the Godlove firm, the district court held that the state court had personal and subject matter jurisdiction over the matter, and therefore, plaintiff's federal complaint was an impermissible collateral attack on a valid state court judgment.
 
 
 7
 On appeal plaintiff argues that, because she is an enrolled Indian living in Indian country, the state court was without subject matter jurisdiction to enter judgment in the matter, and consequently, the state court judgment is void. On collateral attack upon the judgment of a court of competent jurisdiction, the existence of personal and subject matter jurisdiction will be presumed "unless the fact of want of jurisdiction and the consequent invalidity of the judgment affirmatively appears on the face of the judgment or of the record, or is otherwise properly established by proof." Choctaw & Chickasaw Nations v. City of Atoka, 207 F.2d 763, 765-66 (10th Cir.1953); see also Crockett v. Prudential Ins. Co., 789 P.2d 1, 2-3 (Okla.Ct.App.1990)(holding that, under Oklahoma law, a judgment must be void on its face to be subject to collateral attack for lack of jurisdiction).
 
 
 8
 The burden is on the collaterally attacking party to overcome the presumptions of jurisdiction and establish the invalidity of the judgment by "competent and convincing proof." Choctaw & Chickasaw Nations, 207 F.2d at 766. Although plaintiff discusses at length the law surrounding Oklahoma state court jurisdiction in areas involving Indian lands, she fails to affirmatively show, in the record or elsewhere, that the state court lacked jurisdiction to enter judgment in this matter. Therefore, where, as here, the lack of jurisdiction is not apparent on the face of the judgment, the existence of jurisdiction is presumed, the state court judgment is valid, and dismissal of plaintiff's complaint as an impermissible collateral attack was proper.
 
 
 9
 As a party to the appeal, Judge Lile filed a brief in this matter. However, plaintiff does not offer any specific arguments assigning error to the district court's grant of judicial immunity to Judge Lile, except as the grant of immunity may be affected by her claim that the state court lacked jurisdiction to enter the judgment. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)(holding a judge absolutely immune from civil damages liability unless the judge has acted "in the clear absence of all jurisdiction"); see also Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.), cert. denied, 115 S.Ct. 107 (1994). Because of our determination that state court jurisdiction over this matter was existent, and because all actions taken by Judge Lile were in his judicial capacity, see Stump, 435 U.S. at 362-63, as a matter of law, Judge Lile was judicially immune.
 
 
 10
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Defendant The Singing Source, Inc. was never served in this action. The district court dismissed The Singing Source, Inc. pursuant to Fed.R.Civ.P. 4(m), and alternatively, on the merits. The Singing Source, Inc. is not a party to this appeal